FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORENZO (LARRY) B. SANDOVAL,<br><br>        Petitioner,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS STATE OF WASHINGTON,<br><br>        Respondent. | No.   2:20-cv-00378-SMJ<br><br>**ORDER DISMISSING HABEAS CORPUS PETITION** |

Before the Court is Petitioner Lorenzo (Larry) B. Sandoval's First Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 8. Petitioner is in custody pursuant to a judgment in State court and is currently housed at the Stafford Creek Corrections Center. ECF No. 10. Petitioner is proceeding *pro se*; Respondent has not been served.

On November 20, 2021, the Court ordered Petitioner to show cause why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d) and precluded by *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). ECF No. 5 at 7–8. Petitioner's First Amended Petition is not responsive to the Order

ORDER DISMISSING HABEAS CORPUS PETITION – 1

and fails to show cause why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d) and precluded by *Lackawanna*, 532 U.S. at 401.

In his First Amended Petition, Petitioner challenges his 1982 Chelan County Superior Court conviction for burglary in the first degree with a deadly weapon for which he received a thirty-five-year sentence. ECF No. 8 at 2. Petitioner states he has served the full sentence for that conviction and is now serving a sentence which he is "in no way challenging here." *Id*. As grounds for federal habeas relief, Petitioner asserts the superior court "had no venue or jurisdiction to prosecute him" in 1982. *Id*. Petitioner asks this Court to vacate and dismiss his 1982 state court conviction. *Id*. at 7.

## IN CUSTODY REQUIREMENT

This Court may entertain petitions for habeas relief from a judgment in state court only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner who is subject to consecutive sentences may challenge a conviction for a sentence already served but must still be in custody under a sentence running consecutive to the challenged sentence. *See Garlotte v. Fordice*, 515 U.S. 39, 45–47 (1995).

Petitioner is no longer in custody for his 1982 conviction, and he is currently not serving a sentence consecutive to the 1982 sentence. Rather, Petitioner asserts that he served the full thirty-five-year sentence for the 1982 conviction and he was

ORDER DISMISSING HABEAS CORPUS PETITION – 2

released on July 14, 2017. ECF No. 8 at 2. In a letter filed on October 29, 2020, Petitioner states that he was sentenced to seventy-two months of confinement for a state felony on October 23, 2020. ECF No. 3. On the facts provided, this Court cannot consider the current sentence as consecutive to the 1982 sentence.

Further, Petitioner does not appear to be asserting that he is "in custody" under *Maleng v. Cook*, 490 U.S. 488 (1989) (reading challenge to conviction for which petitioner is no longer in custody as challenge to his subsequent conviction as enhanced by allegedly invalid first conviction). *Lackawanna* held that a prisoner may not challenge a prior conviction used to enhance a current sentence unless there was a failure to appoint counsel in violation of *Gideon v. Wainwright,* 372 U.S. 335 (1963) in the proceeding that led to the prior conviction. 532 U.S. at 403–04. Petitioner makes no allegation that the state court failed to appoint counsel in 1982. Instead, Petitioner has attached the Judgment and Sentence from his prior conviction, dated August 27, 1982, which shows that he was represented by counsel at that time. ECF No. 8 at 18–19. Besides the preclusive effect of *Lackawanna*, Petitioner's challenge to his 1982 conviction is time-barred.

### FEDERAL LIMITATIONS PERIOD AND ACTUAL INNOCENCE EXCEPTION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") took effect on April 24, 1996 and imposes a one-year statute of limitation for prisoners

ORDER DISMISSING HABEAS CORPUS PETITION – 3

in state custody to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1); *see also Lindh v. Murphy*, 521 U.S. 320, 327–28 (1997). Petitioners whose judgments and sentences became final before Congress enacted AEDPA had until April 24, 1997, one year from AEDPA's effective date, to file a petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001). With no statutory or equitable tolling, this federal habeas petition filed in 2020 is time-barred—more than twenty-three years has passed since the federal limitations period expired.

In his First Amended Petition, Petitioner claims that he "is completely actually innocent" of the 1982 Chelan County Superior Court conviction. ECF No. 8 at 2, 10. A federal court may entertain an untimely first habeas petition which raises a convincing claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013). But to make a proper showing of actual innocence, a petitioner must establish his factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

Petitioner has attached an affidavit to his First Amended Petition in support of his actual innocence claim. ECF No. 8 at 3, 8. In the affidavit, Petitioner describes the facts of the crime for which he was convicted in 1982 and states that he "committed a U.S. federal criminal offense." *Id*. at 8. Petitioner states that at the time he committed the crime he was employed by the U.S. government, the crime occurred at a U.S. federal forestry service camp, and the victim was also employed

ORDER DISMISSING HABEAS CORPUS PETITION – 4

by the U.S. government, and, therefore, "all the criminal acts were solely committed against the United States." *Id*. at 5, 9–10. He claims that he "is and always was actually innocent of committing any crimes (acts) against the State of Washington." *Id*. at 9–10. Petitioner has presented no new reliable evidence making a case for factual innocence. Having failed to show that he falls within the actual innocence exception, the October 16, 2020 federal habeas petition is untimely.

Accordingly, **IT IS HEREBY ORDERED**:

1. The First Amended Petition, **ECF No. 8**, is **DISMISSED WITH PREJUDICE**.

2. The Clerk's Office is directed to **ENTER JUDGMENT** for Respondent and **CLOSE** this file.

3. The Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Petitioner.

**DATED** this 13th day of May 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING HABEAS CORPUS PETITION – 5